UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENTHERM CANADA, LTD,

    Plaintiff,

v.

IGB AUTOMOTIVE, LTD,

    Defendant.

_____/

Case No. 13-11536

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE PAUL J.
KOMIVES

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO STAY [29]**

Defendant has asked the Court to stay this patent infringement suit pending the Patent Trial and Appeal Board's review of the validity of some of the patent claims at issue. Plaintiff opposes the stay in its entirety and alternatively argues that if the Court grants a stay, it should allow the parties to proceed with discovery.

For the reasons stated below, Defendant's Motion to Stay [29] is **GRANTED IN PART AND DENIED IN PART**. The parties may proceed with discovery, but other proceedings in the case are stayed.

1

## FACTUAL BACKGROUND

Defendant IGB Automotive manufactures and sells products related to heating and cooling systems for car seats. Plaintiff Gentherm Canada (formerly known in this litigation as W.E.T. Automotive Systems) claims that Defendant's manufacture and sale of these products has infringed eleven of Plaintiff's patents. Defendant has raised several defenses, including the alleged invalidity of some of the claims in Plaintiff's patents.

On April 18, 2014, Defendant filed petitions with the Patent Trial and Appeal Board (PTAB) for *inter partes* review (IPR) of the validity of certain claims in six of the eleven patents. On May 8, 2014, Defendant filed the instant Motion to Stay [29], arguing that the case should be stayed pending PTAB's resolution of the IPR petitions. Plaintiff filed a Response [33] and Defendant filed a Reply [36].

In September and October 2014, PTAB instituted IPR review of some or all of the asserted claims in four of the eleven patents. PTAB's review of those claims is ongoing. On December 5, 2014, Plaintiff filed a Supplemental Brief [43] addressing the relevance of PTAB's institution decisions to the instant motion. On December 12, 2014, Defendant likewise filed a Supplemental Brief [46].

The Court held a hearing on the motion on December 17, 2014. At the hearing, Plaintiff's counsel argued that if the Court grants a stay, the Court should at least allow the parties to proceed with discovery. Defendant's counsel suggested that proceeding with discovery would be difficult in light of the great number of claims asserted by Plaintiff and the uncertainty regarding which claims Plaintiff will attempt to bring to trial. The Court held the motion in abeyance pending the parties' efforts to streamline the case.

The parties filed a Joint Status Report [50] on January 22, 2015. On January 26, 2015, the Court held a status conference with the parties, during which the parties agreed to attend a settlement conference. The Court held the instant motion in abeyance pending the settlement conference. Plaintiff subsequently requested a status conference, which was held via phone on February 17, 2015. During the conference, Plaintiff expressed doubt that the settlement conference, currently scheduled for April 13, 2015, would be productive. Plaintiff asked the Court to rule on the instant motion in advance of the conference, and the Court agreed.

## ANALYSIS

Courts have inherent and discretionary authority to stay litigation pending IPR review. *See Everlight Electronics Co., Ltd. v. Nichia Corp.*, No. 12-11758, 2013 WL 1821512, at *7 (E.D. Mich. April 30, 2013) (citing *Ethicon Inc. v.*

*Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)). Courts consider three factors in determining whether to grant a stay pending IPR review: (1) whether IPR review is likely to simplify the issues in the case; (2) whether the non-moving party will be prejudiced by a stay; and (3) whether discovery is complete and a trial date has been set. *See id.* at \*7-\*10; *Regents of Univ. of Mich. v. St. Jude Medical, Inc.*, No. 12-12908, 2013 WL 2393340, at \*2 (E.D. Mich. May 31, 2013).

### I.   Simplification of Issues

Defendant argues that the case should be stayed pending PTAB's final decisions because those decisions will likely simplify the issues in the case. Defendant claims that its IPR petitions challenged "*all* claims asserted to infringe." Defendant therefore argues that this case will be greatly simplified if PTAB invalidates the challenged claims. Defendant acknowledges that its IPR petitions do not cover all of Plaintiff's patent claims, or even all of the patents. However, Defendant argues that PTAB's resolution of the challenged claims will provide guidance on the unchallenged claims as well, since all eleven patents share similar subject matter and many of the patents share the same specifications and figures.

Plaintiff argues that the simplification factor does not favor a stay because even if PTAB rules entirely in Defendant's favor, many issues will remain to be litigated. Plaintiff notes that IPR review is limited to the defense of invalidity

4

based on prior art in the form of printed publications, and that Defendant has raised other defenses in this case. Further, Plaintiff emphasizes the fact that Defendant's IPR petitions do not cover all of Plaintiff's patent claims. In its Supplemental Brief [43], Plaintiff reports that PTAB has agreed to review thirty claims—constituting only around 19% of the 158 claims asserted by Plaintiff.

The Court expects PTAB's review to simplify the issues in this case, favoring a stay. The Court is persuaded that PTAB will likely invalidate at least some of the claims currently asserted by Plaintiff. Further, the patents share similar subject matter and the parties agree that the patents can be grouped into "families" bearing further similarity. The Court therefore believes that PTAB's review of even a limited number of claims will provide some assistance in the Court's consideration of other claims. However, the extent of PTAB's simplification of the issues will necessarily be limited. PTAB is not reviewing most of the claims currently asserted by Plaintiff, and the claims under review appear to belong to only two patent "families." Though this factor favors a stay, these limits on the potential simplification of the issues also limit the weight to be given this factor.

## II.     Prejudice

Defendant argues that Plaintiff will not be prejudiced by a stay. As a preliminary matter, Defendant notes that the stay will be relatively short; PTAB is required to issue its decision on the merits within one year after instituting IPR review (subject to a six-month extension for good cause). 35 U.S.C. § 316(a)(11). Defendant argues that delay is not inherently prejudicial and that the stay will actually benefit Plaintiff by preventing it from expending resources on issues that may be mooted by PTAB's final decisions. Finally, Defendant suggests that Plaintiff's prejudice claims are insincere, given that Plaintiff has not sought a preliminary injunction or pursued discovery in an expeditious manner.

Plaintiff claims that it has not pursued formal discovery with more haste because the parties were negotiating settlement for some time. Plaintiff faults Defendant for filing its IPR petitions near the filing deadline, suggesting that Defendant is seeking a tactical advantage by seeking to delay the case as long as possible. Plaintiff argues that a stay will result in prejudice by allowing Defendant to continue infringing Plaintiff's patents, thereby eroding Plaintiff's share of the market. At the hearing, Plaintiff's counsel expressed his understanding that Defendant's sale of allegedly infringing products had enabled it to win four major programs since the filing of the instant motion.

This factor weighs against a stay. The parties are competitors in the market. If Defendant is infringing Plaintiff's patents, then prolonging the case will allow Defendant to continue using that infringement to obtain an improper competitive advantage over Plaintiff. *See, e.g.*, *Everlight*, 2013 WL 1821512, at *8 ("Plaintiffs will be further prejudiced because they are direct competitors with Defendants in the LED industry."). However, the weight of this factor is diminished by Plaintiff's failure to pursue preliminary injunctive relief. *E.g.*, *Zillow, Inc. v. Trulia, Inc.*, No. C12-1549JLR, 2013 WL 5530573, at *6 (W.D. Wash. Oct. 7, 2013) ("Many courts have found … that attempts by a patentee to argue undue prejudice are undermined if the patentee has elected not to pursue preliminary injunctive relief.").

### III.  Current Stage of Litigation

The parties agree that discovery has not concluded and a trial date has not been set. Defendant asserts that the early stage of the case favors a stay— presumably because the more activity remains, the more activity may be rendered moot by the IPR decisions. Plaintiff argues that the early stage of the case disfavors a stay, relying on *Everlight Electronics Co., Ltd. v. Nichia Corp.*, No. 12-11758, 2013 WL 1821512 (E.D. Mich. April 30, 2013). In *Everlight*, the court found that since the case was still in its early stages, dispositive motions would not

7

be due until at least two weeks *after* PTAB issued its final decisions. *Id.* at *7. The court reasoned that PTAB's analysis could therefore be incorporated into the dispositive motions with or without a stay, rendering the contemplated stay less necessary. *Id.* at *10. The court acknowledged that allowing the parties to complete discovery before PTAB issued its decisions might result in the mooting of some discovery, but concluded that this did not require a stay because at least some discovery would be necessary in any case. *Id.*

    The Court finds that this factor favors a partial stay. The fact that much remains to be done in this case increases the Court's potential to conserve resources by waiting for PTAB to simplify the issues. On the other hand, as the *Everlight* court recognized, most of these resources will be conserved so long as the parties file dispositive motions after PTAB issues its final decisions—and the Court need not stay discovery to accomplish that. A stay of discovery might save the parties additional resources, but since the parties are sharply divided on the desirability of saving those resources, the Court is not inclined to give weight to that consideration.

## CONCLUSION

    The Court finds that PTAB's final IPR decisions will likely simplify the issues in this case, warranting a stay of some proceedings. However, allowing

8

discovery to proceed will alleviate the potential prejudice to Plaintiff without jeopardizing the bulk of the expected benefits of PTAB's decisions. The Court will therefore allow the parties to proceed with discovery, while staying other proceedings in the case. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Stay [29] is **GRANTED IN PART AND DENIED IN PART**. The parties may proceed with discovery, but the case is otherwise stayed pending PTAB's final decisions on the relevant IPR petitions.

**IT IS FURTHER ORDERED** that the settlement conference currently scheduled for April 13, 2015, is cancelled. The parties are welcome to reschedule the conference if they once again agree that it is likely to be productive.

**SO ORDERED**.

Dated: February 26, 2015

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge