UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENTHERM CANADA ULC., *et al.*,

    Plaintiffs,

v.

    Case No.  2:13-cv-11536
    District Judge Arthur J. Tarnow
    Magistrate Judge Anthony P. Patti

IGB AUTOMOTIVE, LTD.,

    Defendant.

_____/

## INTERIM ORDER ON PLAINTIFF'S MOTION TO COMPEL AND TO SET SUPPLEMENTAL BRIEFING SCHEDULE

Plaintiff, Gentherm Canada, ULC ("Gentherm"), filed a motion to compel discovery on January 19, 2016, which was referred to me the next day by Judge Tarnow.  (DE 84, 85, and 86.)  Defendant, IGB Automotive, Ltd. ("IGB"), filed its response on February 5, 2016 (DE 90),Gentherm filed its reply on February 16, 2016 (DE 95 and 96), and the parties filed a joint statement of resolved and unresolved issues on February 24, 2016 (DE 99).  Judge Tarnow referred the motion to me on January 20, 2016.  (DE 86.)

Gentherm seeks an order compelling IGB to produce certain documents identified in its privilege log relating to communications involving Thorsten Schleucher, a German patent engineer.  (*See* DE 85 at 3-7, identifying privilege log

numbers 150, 192, 193, 197, 198, 224, 225, 229, 232, 233, 234, 249, and 250 as those at issue.) In addition, it asks the Court to reopen the deposition of Dmitri Axakov at IGB's expense. In its response, IGB contends that the motion should be denied as moot because it already withdrew its objections with respect to Mr. Schleucher and produced log numbers 150, 232, 249, 250, and 324. According to IGB, the remaining documents are independently protected by attorney-client privilege and/or the work product doctrine. Gentherm replies that IGB has failed to satisfy its burden of proof that the documents are so protected from discovery.

The matter came before me for a hearing on February 26, 2016. At the hearing, the Court was informed that IGB recently produced additional documents, privilege log numbers 233 and 234. In addition, counsel for IGB indicated that it would withdraw its privilege and work product objections as to numbers 192 and 193 in exchange for Gentherm's counsel's stipulation that it would not constitute a general waiver of privilege as to other documents, to which counsel stipulated on the record.

There seems to have been some genuine confusion on the part of both parties with respect to the scope of Gentherm's motion. Specifically, Gentherm filed the motion seeking certain documents withheld due to attorney-client or work product privilege relating to communications with Mr. Schleucher. IGB limited its response to items in which it had claimed privilege with respect to Mr. Schleucher

2

and produced those items, except for the documents it believed were covered by attorney-client privilege or the work product doctrine, for reasons independent of Mr. Schleucher's involvement. Specifically, IGB noted in its response that some of the communications were protected on the basis that they involved German counsel Ekkehard Grimm. In its reply, however, Gentherm asserts that IGB failed to properly support its assertions of privilege in its response. In addition, Gentherm argues that communications involving Mr. Grimm are not protected by privilege because he is not admitted to a bar of a state or federal court in the United States and is not admitted to practice before the U.S. Patent Office. As these issues were first raised in Gentherm's reply brief, IGB was, understandably, unable to respond to Gentherm's contentions at the time of the hearing.

Accordingly, the Court requires additional information to resolve this matter. For the reasons stated on the record, Gentherm's motion remains pending and the parties are hereby **ORDERED** to do the following:

1. On or before **MARCH 11, 2016**, the parties must meet and confer pursuant my practice guidelines and Eastern District of Michigan Local Rule 37.1. The parties are expected to resolve all issues possible, including but not limited to the status of Mr. Grimm's licensure to practice before German or European Union patent offices and/or German or European Union courts, and whether the communications at issue are subject to privilege. The parties

are ordered to follow the instructions set forth in my March 18, 2015 order with respect to the logistics of the meet and confer.  (DE 57 at 2.)

2. If issues remain outstanding after the meet and confer conference, IGB shall file a sur-reply with the intent of 1) establishing its entitlement to claim attorney-client and/or work product privilege (with supporting affidavits and/or declarations) with respect to the contested documents and 2) to address the question of law issue related to German counsel.  The sur-reply will be limited to ten pages and must be filed n or before **MARCH 18, 2016**.

3. On **MARCH 18, 2016**, IGB shall also submit to the Court a copy of the documents that remain at issue for an *in camera* review.  If the documents are written in whole or in part in German, they must be professionally translated by an outside company at IGB's expense, and must contain a certification of their accuracy.

4. On **MARCH 25, 2016**, Gentherm shall file its supplemental brief, limited to eight pages, responding to IGB's sur-reply.

5. When preparing their supplemental briefing, both parties are instructed to consider the following article and cases:

    a. Laurence H. Pretty, *The Boundaries of Discovery in Patent Litigation: Privilege, Work Product, and Other Limits*, 18 AIPLA Q.J. 101, 108-09 (1990);

    b. *Toledo Edison Co. v. GA Techs., Inc., Torrey Pines Tech. Div.*, 847 F.2d 335, 339 (6th Cir. 1988);

    c. *Amway Corp. v. Procter & Gamble Co.*, No 1:98-cv-726, 2001 WL 1818698, at *7 (W.D. Mich. Apr. 3, 2001); and

    d. *In re Rivastigmine Patent Litigation*, 237 F.R.D. 69, 74 (S.D.N.Y. 2006).

6. The deposition of Mr. Axakov shall be reopened at IGB's expense after either the parties resolve the outstanding discovery issues or the Court rules on any remaining disputes. The deposition shall occur on a day and at a location in the United States where other depositions are occurring. Expenses shall be limited to the time required for the deposition itself. The scope of the deposition will be limited to any relevant documents and related information or communications regarding U.S. patents or U.S. patent law that IGB was withholding at the time of Mr. Axakov's previous deposition, but which has subsequently been produced.

**IT IS SO ORDERED.**


Dated: February 26, 2016        s/Anthony P. Patti
                                          Anthony P. Patti
                                          UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing order was sent to parties of record on February 26, 2016, electronically and/or by U.S. Mail.

                                                s/Michael Williams
                                                Case Manager for the
                                                Honorable Anthony P. Patti