UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENTHERM CANADA, LTD, ET AL.,

    Plaintiffs,

v.

IGB AUTOMOTIVE, LTD,

    Defendant.

                                  /

Case No. 13-11536

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ANTHONY P. PATTI

**ORDER GRANTING PLAINTIFFS LEAVE TO FILE THIRD AMENDED COMPLAINT; PERMITTING ADDITION OF GENTHERM GMBH AS A PARTY; DENYING DEFENDANT'S MOTION TO CONFIRM DISMISSAL WITH PREJUDICE AND RIGHT TO PURSUE EXCEPTIONAL CASE STATUS [88]; VACATING IN PART SUPPLEMENTAL ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS FIFTH AND NINTH CLAIMS [79]; GRANTING DEFENDANT'S MOTION TO REDUCE NUMBER OF ASSERTED PATENT CLAIMS [92]; ORDERING DEFENDANT TO REDUCE PRIOR ART; AND SETTING APRIL 30, 2016 DISCOVERY CUT-OFF DATE**

Defendant IGB Automotive manufactures and sells products related to heating and cooling systems for car seats. Plaintiffs Gentherm Canada and Gentherm GmbH (collectively "Gentherm") claim that Defendant's manufacture and sale of these products has infringed several of Plaintiffs' patents. On January 22, 2016, Defendant filed a Motion to Dismiss [87], along with a Motion to

1

Confirm Dismissal with Prejudice and Right to Pursue Exceptional Case Status [88]. On February 9, 2016, Defendant filed a Motion to Reduce Number of Asserted Patent Claims [92].

The Court finds the latter two motions suitable for determination without a hearing in accord with Local Rule 7.1(f)(2). The Court does not now resolve the Motion to Dismiss but, as explained below, will deny the motion without prejudice if Gentherm files a Third Amended Complaint within 14 days after entry of this Order.

## I.   Motion to Dismiss [87]

Gentherm filed its original complaint on April 4, 2013, and its first amended complaint on July 22, 2013. On December 23, 2015, the Court entered a proposed order submitted by Defendant, requiring Gentherm to file a second amended complaint. Gentherm filed its Second Amended Complaint [80] on January 5, 2016. The Second Amended Complaint dropped several claims and added as a plaintiff a new Gentherm entity, Gentherm GmbH. Defendant moves to dismiss the Second Amended Complaint in its entirety, arguing that it does not plead sufficiently detailed or specific factual allegations and is therefore defective for failing to articulate a plausible claim, as required by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Defendant also moves to dismiss Gentherm GmbH on the grounds that it was added as a party without an order of the Court permitting its addition.

Without opining on the merits of Defendant's *Iqbal* challenge, the Court grants Gentherm leave to file a Third Amended Complaint to cure the purported pleading defects.[1] Gentherm may do so within 14 days after entry of this Order. If Gentherm timely files a Third Amended Complaint, the Court will dismiss Defendant's Motion to Dismiss without prejudice, giving Defendant the option to (1) file a renewed dispositive motion taking into account the more detailed allegations of the Third Amended Complaint, or (2) reopen the original motion, relying on the arguments presented in its support, by written notice to the Court.

The Court further orders that Gentherm GmbH may be added as a party. FED. R. CIV. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). If Gentherm files a Third Amended Complaint including Gentherm GmbH as a plaintiff, it will do so with the Court's express permission. In that case, Defendant's argument for dismissal of Gentherm GmbH will likely be moot.

## II.   Motion to Confirm [88]

Defendant's Motion to Confirm Dismissal with Prejudice and Right to Pursue Exceptional Case Status [88] is grounded in unusual procedural history. On December 3, 2015, Gentherm filed a motion to voluntarily dismiss its fifth and

---

[1] *Cf.* The Honorable Mark A. Goldsmith, *A Judicial Response to the* Iqbal *Revolution*, 94 MICH. B.J. 56 (Sept. 2015).

ninth claims for relief. The Court entered Gentherm's proposed order granting the motion. On December 21, 2015, Defendant filed a motion to amend the order (styled as a response to the order). Defendant asked the Court to order Gentherm to file an amended complaint and to confirm that Defendant retains the right to move for exceptional case status with respect to the dismissed fifth and ninth claims. Two days later—before Gentherm could respond—the Court entered the proposed order granting this motion. The Court's amended order thus required Gentherm to submit a Second Amended Complaint, which it did on January 5, 2016. The Second Amended Complaint omitted not only the fifth and ninth claims, but also the second and seventh claims. Defendant's instant motion to "confirm" asks the Court to rule with respect to the second and seventh claims, as it did with respect to the fifth and ninth, that the claims were dismissed *with prejudice* and that Defendant retains the right to move for exceptional case status with respect to them.

  Defendant cites no authority requiring that Gentherm's voluntary dismissal of its second and seventh claims be with prejudice. Defendant does cite authority stating that a court *may* grant leave to amend on the condition that any omitted claims are dismissed with prejudice. However, the Court did not make any such condition clear when it entered the non-stipulated proposed order requiring

Gentherm to amend its complaint. The Court declines to impose that condition retroactively.

Defendant also fails to cite authority supporting reservation of its right to move for exceptional case status. Whether Defendant has a "right" to file any motion it may choose to file in the future is an issue best resolved when, if ever, such motion is filed. The Court therefore declines to order that Defendant has reserved a right to move for exceptional case status. Further, the Court vacates the portion of its Supplemental Order Granting Plaintiff's Motion to Dismiss Fifth and Ninth Claims [79] concerning the reservation of Defendant's right to move for exceptional case status, pursuant to the Court's inherent authority to reconsider interlocutory orders. *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008) ("[D]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.") (quoting *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)).

In sum, Defendant's Motion to Confirm Dismissal with Prejudice and Right to Pursue Exceptional Case Status [88] is denied.

### III. Motion to Reduce Number of Asserted Patent Claims [92]

Where a defendant has produced evidence that the plaintiff's patent claims are duplicative, a district court may order the plaintiff to select a certain number of claims and proceed to enter judgment not only on the claims that go to trial, but

also on the non-selected claims. *In re Katz Interactive Call Processing Patent Litigation*, 639 F.3d 1303, 1311–13 (Fed. Cir. 2011). This procedure violates due process if a non-selected claim presents a unique legal issue and the patentee objects, in the district court, to the deprivation of its right to adjudication of that issue. *Nuance Communications, Inc. v. ABBYY USA Software House, Inc.*, --- F.3d ---, 2016 WL 692497, at *8 (Fed. Cir. 2016). Thus, the district court should permit a plaintiff to add any non-selected claim to the group of selected claims for good cause, such as a showing that the non-selected claim presents a unique legal issue. *See In re Katz*, 639 F.3d at 1311–13 (affirming district court's entry of judgment on non-selected claims, which the district court had refused to sever and stay, where the reduction order included a proviso allowing new claims if they raised non-duplicative issues); *Stamps.com Inc. v. Endicia, Inc.*, 437 F. App'x 897, 902 (Fed. Cir. 2011) (affirming district court's reduction of claims where the district court stated that it "would remain flexible if plaintiffs showed good cause for additional claims").

Defendant's Motion to Reduce Claims [92] asks the Court to order Gentherm to select no more than two claims per patent (for a total of no more than fourteen claims) with which to proceed. Gentherm has agreed to proceed on only eighteen claims. Though Gentherm argues that its voluntary narrowing is sufficient, it cites no authority limiting the Court's discretion to order a further

reduction in claims.  The Court concludes that limiting Gentherm to two claims per patent is both reasonable and within standard practice of other district courts.  *See, e.g.*, *3D Systems, Inc. v. Envisiontec, Inc.*, No. 05–74891, 2011 WL 4691937, at *2–*4 (E.D. Mich. Oct. 6, 2011) (unpublished) (limiting plaintiff to one claim per patent); *Joao Control and Monitoring Systems, LLC v. Ford Motor Co.*, Nos. 13–CV–13615, 13–CV–13957, 2014 WL 106926, at *3 (E.D. Mich. Jan. 10, 2014) (unpublished) ("[L]imiting the number of asserted claims to one to three claims per patent would be consistent with the approaches of various district courts.").  The Court therefore grants Defendant's Motion to Reduce Claims and orders Gentherm to select, within 21 days after entry of this Order, no more than two claims per patent (for a total of no more than fourteen claims) on which to proceed.

## IV. Scheduling Matters

At two recent status conferences with counsel for the parties, the Court communicated to counsel its expectation that Defendant will select twenty-two items of prior art with which to proceed.  Defendant is ordered to do so within 21 days after receiving notice of Gentherm's selection of claims.

At a recent status conference, the Court informally set a discovery cut-off date of April 30, 2016.  The Court hereby formalizes the April 30 discovery cut-off date.  The Court acknowledges again, as it did at the status conference, that the parties may move to extend discovery if necessary.

The parties have argued about the appropriate timing of some additional deadlines leading up to the *Markman* hearing scheduled for July 21, 2016. For the time being, the Court trusts the parties and their counsel to resolve these disputes and stipulate to the remaining pre-*Markman* hearing deadlines.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiffs are granted leave to file a Third Amended Complaint within 14 days after entry of this Order.

**IT IS FURTHER ORDERED** that Gentherm GmbH may be added as a party.

**IT IS FURTHER ORDERED** that Defendant's Motion to Confirm Dismissal with Prejudice and Right to Pursue Exceptional Case Status [88] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court's Supplemental Order Granting Plaintiff's Motion to Dismiss Fifth and Ninth Claims [79] is **VACATED IN PART**. The portion of the order concerning the reservation of Defendant's right to move for exceptional case status is vacated.

**IT IS FURTHER ORDERED** that Defendant's Motion to Reduce Number of Asserted Patent Claims [92] is **GRANTED**. Plaintiffs must select, within 21

days after entry of this Order, no more than two claims per patent (for a total of no more than fourteen claims) on which to proceed.

**IT IS FURTHER ORDERED** that Defendant must select, within 21 days after receiving notice of Gentherm's selection of claims, twenty-two items of prior art with which to proceed.

**IT IS FURTHER ORDERED** that a discovery cut-off date is set for April 30, 2016.

**SO ORDERED**.

Dated: March 25, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge